

**Ennis Roberts Fischer Co., L.P.A.**
Attorneys at Law

Phone: (513) 421-2540
Fax: (513) 562-4986

1714 West Galbraith Road
Cincinnati, Ohio 45239-4812

URL: www.erflegal.com

William M. Deters, II (Direct: 513.200-1176)
Email: wmdeters@erflegal.com

February 24, 2012

Christopher R. Clark
Lambda Legal Defense & Education Fund
11 East Adams, Suite 1008
Chicago, IL 60603-6303

*Re: Unlawful Interference with Student Expression*

Dear Mr. Clark:

Please be advised that the undersigned represents the Wayne Local School District Board of Education ("Board of Education") in the above-captioned matter. The Board of Education received your letter, dated January 24th, 2012, concerning a high school student who was asked to remove a T-shirt that displayed the message "Jesus Is Not A Homophobe."

In your opinion, the message expressed by the student's clothing is protected by the First Amendment to the U.S. Constitution. I respectfully disagree with your analysis. While students may not be required to shed their constitutional right to free speech at the school house door[1], state and federal courts have consistently recognized that a student's right to free speech is not absolute.[2] Numerous courts have determined that a student's right of expression is not equal to that of an adult.[3] Generally, courts also agree that a school district's primary responsibility is instruction, and freedom of speech may be required to yield to legitimate pedagogical concerns.[4]

The U.S. Supreme Court has authorized school districts to restrict speech if the message communicated is offensive to the prevailing community standards by being vulgar, lewd, indecent, racist, or otherwise inappropriate in a school setting.[5] The Supreme Court has acknowledged that public schools have a responsibility to instill moral values in students and provide students with an understanding of socially acceptable behavior.[6] A prime example of this authority existed in Massachusetts when two high school students sued their high school

---

[1] *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 506 (1969).
[2] *Bates v. State Bar of Ariz.*, 433 US 350 (1977), *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 US 748 (1976); *Healy v. James*, 408 US 169 (1972).
[3] *Morse v. Frederick*, 551 US 393 (2007).
[4] *Settle v. Dickson County School Bd.*, 53 F3d 152 (6th Cir. 1995).
[5] *Bethel School Dist. No. 403 v. Fraser*, 478 US 675 (1986)
[6] *Id.*, See also *Pyle v. South Hadley School Committee*, 824 F.Supp 7 (D. Mass 1993).


PLAINTIFF'S EXHIBIT B

after they were prohibited from wearing either of two T-shirts: one offering a suggestive sexual slogan and the other bearing a slang reference to male genitalia.[7] Specifically, the District Court in *Pyle* found that the school administration had the right to limit clothing with sexually provocative slogans, and diffuse an already highly charged atmosphere, in order to protect students and enhance the educational environment.[8] The District Court even acknowledged in its decision that the sexually provocative slogans may be relatively inoffensive in today's world, but that the inoffensiveness did not prevent the school administration from prohibiting such sexually suggestive clothing from its buildings.[9]

It is the position of Wayne Local School District Board of Education that the message communicated by the student's T-shirt was sexual in nature and therefore indecent and inappropriate in a school setting. Wayne Local School District Board of Education had the right to limit clothing with sexual slogans, especially in what was then a highly charged atmosphere, in order to protect its students and enhance the educational environment. Consequently, the high school principal was well within the bounds of his authority to request that the student remove his T-shirt and refrain from wearing the T-shirt to school in the future.

If you have further questions regarding this matter, please do not hesitate to contact me.

Very Truly Yours,

William Deters II

cc: Pat Dubbs, Superintendent (via email)

---

[7] *Pyle*, 824 FSupp, at *8.
[8] *Id.* at 11.
[9] *Id.*